# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE PROBY, JR., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:14CV1355 HEA |
| D.R. BULLOCK, et al., | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion for appointment of counsel. The motion will be denied.

There is no constitutional or statutory right to appointed counsel in civil cases. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See Johnson v. Williams, 788 F.2d 1319, 1322–23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

After considering these factors, the Court finds that the appointment of counsel is not warranted at this time. The case is neither factually nor legally complex. Moreover, it is evident that Plaintiff is able to present his claims, because the Court has ordered Defendants to respond to Plaintiff's claims. Finally, although Plaintiff asserts that his confinement in a Special Housing Unit results in limitations on his access to the library and may lead to his failure to meet Court-

ordered deadlines, the Court finds that the appointment of counsel would be premature at this juncture.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for appointment of counsel is **DENIED WITHOUT PREJUDICE**.

Dated this 8th day of October, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE